IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| VTRAX TECHNOLOGIES LICENSING, INC., | ) ) ) | |
| Plaintiff/Counter-Claim Defendant, | ) ) | |
| v. | ) ) | No. 4:11-mc-9020-DJK |
| SIEMENS COMMUNICATIONS, INC., SIEMENS ENTERPRISE COMMUNICATIONS, ASSURITY LIFE INSURANCE COMPANY, and FLAGSTAR BANK FSB, | ) ) ) ) ) ) | [Miscellaneous case relating to Civil Action No. 9:10-cv-80369-KLR (S.D. Fl.)] |
| Defendants/Counter-Claim Plaintiffs. | ) ) | |

## ORDER GRANTING MOTION FOR RULE 45 SANCTIONS

This action, a miscellaneous case arising from patent litigation in the Southern District of Flordia, concerns Defendants' service of a subpoena *duces tecum* on HardHat, Inc. ("HardHat"), a third party residing in this district. This Court has jurisdiction over any disputes concerning that subpoena because HardHat resides in the Western District of Missouri and the subpoena was issued under this Court's authority.

Now before the Court is HardHat's "Motion Pursuant to Rule 45 and for Sanctions" (doc. 1). HardHat seeks sanctions because, after issuing a subpoena on HardHat, Defendants failed to promptly inform it when the case was dismissed, thereby causing HardHat to incur unnecessary expenses. Because it was unreasonable for Defendants to fail to timely notify HardHat that the underlying lawsuit had been dismissed before HardHat began compliance, and because this failure subjected HardHat to an undue burden, HardHat's motion is GRANTED. Defendants are ordered to pay HardHat $3,851.00 on or before November 23, 2011.

**Background**

HardHat, a small internet hosting service, received a subpoena *duces tecum* from Defendants on June 9, 2011 instructing HardHat to produce twenty-eight categories of documents and a corporate representative for a deposition on eighteen topics. To assist it in complying with the subpoena, HardHat retained outside counsel, Gary Smith. Smith contacted Defendants' counsel and arranged to move the deadline for production from June 16th to June 23rd, in part because Smith was out of the office and not scheduled to return until June 20th.

On June 17, 2011, the underlying patent litigation was dismissed. Defendants' counsel, however, neglected to inform Smith of this development. Unaware of the dismissal, HardHat and Smith began gathering responsive documents on June 18th. Smith sent the documents to Defendants on June 22nd. At the same time, Smith emailed defense counsel confirmation that the documents had been sent.

One hour later, counsel for Defendants replied to Smith notifying him that the Plaintiff in the underlying case had dismissed the lawsuit five days earlier. Counsel apologized for the delay in notification, stating that it was inadvertent. Counsel also stated that production of the documents was not wasted because Defendants expected the case to be refiled, and the documents would be needed in the subsequent lawsuit.

HardHat stopped shipment of the documents and requested $1,271.00 in reimbursement for costs associated with complying with the subpoena ($540 dollars for expenses and $731 for attorney time). HardHat also warned Defendants that if they failed to pay the requested amount, HardHat would file a motion under Rule 45(c)(1) to recover this amount. Defendants declined to pay, and HardHat filed the pending motion. Though HardHat originally sought $1,271.00,

HardHat now requests the amount be increased to $3,851.00, to compensate for additional attorney fees incurred in briefing the pending motion for sanctions.

## Discussion

Rule 45(c)(1) provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." The rule also requires the issuing court to "enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." HardHat argues Defendants imposed an undue burden upon it by failing to timely inform it of the dismissal of the underlying case. Defendants argue they did not violate Rule 45 because only five days lapsed between the dismissal and the notification and because the delay was inadvertent and unintentional.

Defendants' argument, however, misses the point. HardHat spent five days and $1,271.00 complying with a subpoena in a case that had already been dismissed. Defendants knew that HardHat's counsel was out of town until June 20th, and so had good reason to believe that on June 17th, the day the case was dismissed, document production would not yet have begun in earnest. Had Defendants promptly informed HardHat of the dismissal, the time and effort expended on the subpoena could have been avoided. Providing timely notice of a dismissed suit is a reasonable step to avoid imposing an undue burden and expense on a third-party, thus Defendants' failure to promptly notify HardHat of the dismissal imposed an undue burden.

Defendants also argue that HardHat should not be entitled to sanctions because it failed to comply with Local Rule 37(a)(1). Local Rule 37(a)(1) provides that "the Court will not entertain any discovery motions" until good faith attempts to resolve the issue have taken place. Loc. Civ.

R. W. Dist. Mo. 37(a). The Court holds this rule does not apply here because this dispute is not a discovery dispute. Any disputes concerning the scope of what would be provided to Defendants under the subpoena had been resolved before HardHat's production began on June 18th. The dispute in the pending motion concerns whether the cost of complying with the subpoena placed an undue burden on HardHat. As such, Local Rule 37(a) does not apply. Even if it did apply, HardHat satisfied the rule by exchanging emails with Defendants discussing whether they should reimburse HardHat for any costs, and if so, how much, before filing the motion. *See* Exhibit E to HardHat's motion ("[W]e decline to reimburse HardHat for $1,271. We did not agree to reimbursement of fees and costs and do not believe that the fees incurred in connection with your time is an expense for which defendant is obligated to reimburse HardHat."). Consequently, HardHat's motion was not premature.

For the foregoing reasons, HardHat's motion (doc. 1) is GRANTED. Defendants shall pay HardHat $3,851.00 on or before November 23, 2011.

**IT IS SO ORDERED.**

DATE: <u>October 26, 2011</u>  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT